GERALD W. EUTSLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eutsler v. Commissioner
Docket No. 35349-83.
United States Tax Court
T.C. Memo 1985-438; 1985 Tax Ct. Memo LEXIS 191; 50 T.C.M. (CCH) 872; T.C.M. (RIA) 85438; August 21, 1985. Gerald W. Eutsler, pro se. James J. Everett, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: With respect to petitioner's 1981 Federal income tax, respondent determined a deficiency of $8,429, an addition to tax under section 6653(a)(1) [1] of $421, and an addition to tax under section 6653(a)(2) equal to 50 percent of the statutory interest due on the deficiency. The issues are (1) whether petitioner is entitled to a charitable contribution deduction for 1981 for amounts purportedly contributed to the Universal Life Church, Inc., and (2) whether petitioner is liable for the additions to tax as *192 determined by respondent under sections 6653(a)(1) and 6653(a)(2). This case was submitted fully stipulated pursuant to Rule 122. The facts are found accordingly. Petitioner, Gerald W. Eutsler, resided in Phoenix, Ariz., when he filed his petition herein. During 1981, petitioner was employed as a driver by various companies. For that year, petitioner filed a joint return with his wife, Charlotte Eutsler, who was employed as a bus driver. On their joint return, petitioner and his wife reported income from wages totalling $43,809 and claimed itemized deductions of $26,087, of which $24,110 consisted of contributions purportedly made to the Universal Life Church, Inc. Petitioner and his wife reported an aggregate Federal income tax liability of $3,172 and claimed a refund of $2,934. In his notice of deficiency, respondent disallowed the claimed deduction for amounts purportedly contributed to the Universal Life Church, Inc. and imposed additions to *193 tax under sections 6653(a)(1) and 6653(a)(2). [2]
The first issue is whether petitioner is entitled to a deduction under section 170 for amounts claimed as charitable contributions to the Universal Life Church, Inc. Section 170 allows deductions for charitable contributions to or for the use of qualified donee organizations. It requires, inter alia, that charitable contributions actually be made during the taxable year for which the deduction is sought. Petitioner must show that all requirements of section 170 have been satisfied, since he bears the burden of proving entitlement to a deduction. See ; Rule 142(a). In considering the record herein, we conclude that petitioner has failed to carry his burden of proving that he in fact made any charitable contributions during the year in issue. The only evidence which petitioner offered concerning his purported contributions consisted of documents *194 attached to the Stipulation of Facts as petitioner's exhibits 2 and 3. Exhibit 2 consisted of a letter and a document captioned "Annual Receipt of Contributions for the year of 1981," both signed by Bishop R. E. Imbeau, Ph.D, Vice President, Universal Life Church, Modesto, Calif., purporting to acknowledge contributions from petitioner "in the aggregate amount of $27,338.01." Exhibit 3 consisted of copies of individual receipts from Universal Life Church, Inc., Modesto, Calif. These receipts purport to reflect donations from "W. G. Eutsler" in differing amounts on various dates in 1981, and bore the signature of Dorothy Peterie. However, no one from Universal Life Church, Inc., of Modesto, Calif., testified concerning these documents. Respondent has objected to the receipt of these documents into evidence on the grounds that they constitute inadmissible hearsay, and his objection must be sustained on that basis. See , affd. without published opinion (9th Cir., 1985). See also . Although the parties submitted this case fully stipulated *195 pursuant to Rule 122, petitioner was given the opportunity by the Court to testify, but chose not to do so. [3] Thus, apart from the excluded receipts, the record is devoid of evidence concerning petitioner's purported contributions to the Universal Life Church, Inc. Accordingly, based upon this record, we conclude that petitioner has failed to carry his burden of proving that he actually made charitable contributions during the year in issue. We therefore sustain respondent's determination of the deficiency herein. *196 The second issue is whether petitioner is liable for additions to tax under section 6653(a)(1) and section 6653(a)(2). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part thereof is due to negligence or intentional disregard of rules and regulations.Petitioner bears the burden of proof on this issue. . Since petitioner introduced no evidence on this issue, we hold that petitioner is liable for this addition to tax as determined in the notice of deficiency. Section 6653(a)(2) imposes an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment due to negligence or intentional disregard of rules and regulations. Since we have found that petitioner's entire underpayment was attributable to his claimed charitable contribution deductions, we also conclude that, for purposes of section 6653(a)(2), all of petitioner's underpayment was attributable to negligence. We therefore sustain the addition to tax thereunder. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although the notice of deficiency was issued to petitioner and his wife jointly, the petition herein was filed and signed only by petitioner, and accordingly, only he is a party to this proceeding. See Rules 34(a), 60.↩
3. As the following excerpts from the transcript illustrate, the Court informed petitioner of his burden of proof at the call of the case and expressed its willingness to allow him to testify. Judge Fay: * * * I don't want to foreclose you now. If you have something meritorious that you wish to present, but I don't think just standing on documents alone will carry your burden. * * * Mr. Eutsler: Well, the way I feel that, you know, what a few canceled checks or canceled checks [sic] or whatever that I do have, probably wouldn't be any greater evidence than what I actually had in this evidence. Judge Fay: * * * But I'm willing to hear anything you have to say if you want a trial in this case. Judge Fay: Well, then you have no testimony to offer. Mr. Eutsler: --we'd only be going over what we have already in the law suit. * * * Judge Fay: Mr. Eutsler, if there's testimony that you think might sway me one way or the other, I'm more than happy to hear it. Mr. Eutsler: Well, thank you, I appreciate that. I think it's all pretty well in.↩